Mariani, Peticionario y Apelado, *v.* Mariani et al., Interventores y Apelados, y Olivari, Administrador Judicial y Apelante.

Apelación procedente de la Corte de Distrito de Ponce en procedimiento de administración judicial: cobro de honorarios.

No. 1571.—Resuelto en junio 19, 1917.

Administración Judicial—Servicios del Administrador—Remuneración a que Tiene Derecho.—De acuerdo con el artículo 53 de la Ley de Procedimientos Legales Especiales, aprobada el 9 de marzo de 1905, un administrador judicial tiene derecho a percibir en remuneración de sus servicios un cinco por ciento sobre los primeros mil dólares o suma menor recibida por él, dos y medio por ciento sobre las cantidades mayores hasta diez mil, y uno por ciento por las sumas que excedan de diez mil.

Los hechos están expresados en la opinión.

Abogado del demandante y apelado: *Sr. Francisco Parra Capó.*

Abogado de los interventores y apelados: *Sr. José Tous Soto.*

Abogado del administrador judicial apelante: *Sr. Manuel Tous Soto.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

El artículo 53 de una Ley referente a Procedimientos Legales Especiales, aprobada en marzo 9, 1905, prescribe en parte lo que sigue:

"Artículo 53.—Todo administrador o albacea, a no disponer otra cosa el testamento bajo el cual se le nombra, tendrá derecho a percibir del caudal, en remuneración de sus servicios, el cinco por ciento de los ingresos que ocurran durante la administración, montantes a la cantidad máxima de ($1,000) dollars; 2½ por ciento cuando éstos asciendan hasta diez mil ($10,000) dollars; y el uno por ciento sobre las cantidades que exceden de diez mil ($10,000) dollars.  *  *  *."

El apelante Tomás Olivari Santoni, como administrador judicial presentó sus cuentas que arrojaban un total de $17,878.11, recibidos por él como tal administrador, sobre la cual reclamó honorarios ascendentes a $551.12 calculados como sigue:

"Nov. 1, 1913.   El 5 por ciento de lo cobrado a Don Pascual Negroni por alquileres de las casas montantes a $288 de 8 meses vencidos el 31 de octubre del corriente año a razón de $26 al mes------------------------------------ $14. 40

"Nov. 1, 1913.   El 5 por ciento de $880 cobrado a Don Antonio Anciani por vencimiento de un pagaré hipotecario.   40. 00

"Nov. 1, 1913.   El 5 por ciento de cincuenta pesos cobrado a Julia Amill por dos meses de alquiler de la casa de Guánica, montante a $50---------------------------------   2. 50

"Nov. 1, 1913.   El 5 por ciento de los primeros $1,000 cobrados a Alfonsa B. de Mariani correspondiente a su liquidación por cosechas de café presentadas a la Sucesión de José María Mariani montante éste a $10,169.45--------   50. 00

"Al frente-------------------------------------------- · $106. 90

"Del frente_____ $106. 90

"Nov. 1, 1913.   El 2½ por ciento de los $9,000 restantes de dicha liquidación_____ 225. 00

"Nov. 1, 1913.   El 1 por ciento de $169.45 restantes del montante total de la liquidación de referencia_____ 1. 70

"Ag. 27, 1914.   El 5 por ciento de los ingresos cobrados a Pascual Negroni por 10 meses de alquileres de casas vencidos el 31 del actual a $36, $360_____ 18. 00

"Ag. 27, 1914.   El 5 por ciento de $770 pagados por Don Antonio Anciani sobre vencimiento de un pagaré hipotecario_____ 38. 50

"Ag. 27, 1914.   El 5 por ciento de los primeros $1,000 pagados por Alfonsa B. de Mariani de su liquidación de cosechas presentadas en 30 de junio último montante a $5,440.66_____ 50. 00

"Ag. 27, 1914.   El 2½ por ciento de los $4,440.66 restantes _____ 111. 02

$551. 12

Al oponerse los apelados a este particular referente a la cuenta presentaron la situación según ellos la entienden, con ciertos errores de cálculo que son claros, pero que no son importantes, a saber:

| | | |
|---|---|---|
| Total del dinero ingresado_____ | | $17, 828. 11 |
| Montante de honorarios cobrados_____ | | 551. 12 |
| Montante que debe cobrarse 2.5 por ciento sobre $10,000_____ | $250. 00 | |
| 1 por ciento sobre $7,828.11_____ | 72. 28 | 328. 28 |
| Diferencia _____ | | $222. 84 |

La orden apelada que tiende a corregir la errónea teoría del apelante pero que al parecer hace caso omiso del juicio equivocado que ha formado el apelado que va demasiado lejos hacia el otro extremo, es como sigue:

"Vista la moción presentada por Don José María Mariani por sí y como tutor de su hermana María Dolores Mariani, para que no se aprueben las cuentas presentadas por el administrador judicial en lo que se refiere a la forma en que cobra sus honorarios, la corte resuelve que deben enmendarse dichas cuentas en el sentido de cobrar dicho administrador judicial el tanto por ciento que le asigna

el artículo 53 de la Ley de Procedimientos Legales Especiales sobre el total de las cantidades ingresadas en vez de cargarlas sobre las sumas parciales que ellos reciben.''

Aunque no podemos convenir con el apelante en que tiene derecho al cinco por ciento sobre cualquiera o todas las sumas de $1,000 o inferiores recibidas por él o sobre los primeros $1,000 de cada una de dichas sumas separadas, la que es una proposición que de ser buena le proporcionaría el medio de multiplicar indefinidamente sus honorarios a ese tipo, interpretamos la ley cuya versión española es justo decir que quizás está más sujeta a dudas que el texto inglés, en el sentido de que dicha ley fija la remuneración del administrador en el 5 por ciento sobre los primeros $1,000 o suma menor recibida por él, 2½ sobre cantidades mayores hasta $10,000, y el 1 por ciento sobre sumas mayores de $10,000.

Resolver otra cosa sería permitir al administrador que había recibido $1,000 el 5 por ciento de esa cantidad y el administrador que había recibido $10,000, el 2½ por ciento de la misma, mientras que si cualquiera de ellos lograba aumentar la cantidad de sus ingresos en la cantidad de un dólar perdería por ello mecánicamente la mitad o más de sus honorarios ya ganados. Evidentemente que ésa no fué la intención de la ley. Si el legislador hubiera querido fijar la compensación del administrador sobre la base del importe total de los ingresos que arroje su cuenta final al ser sometida para su aprobación, hubiera sido mucho más simple, fácil y natural el haber especificado los respectivos tantos por cientos sobre dichas cantidades totales con tantas palabras como fueran necesarias que no haber usado el lenguaje que realmente empleó el cual por su faz resulta ser perfectamente claro y que solamente puede explicarse por la teoría de que la intención de la ley es contraria a la interpretación sugerida por los apelados. Estos a la verdad admiten otro tanto al conceder el 2½ por ciento sobre los $10,000, y reclamar el 1 por ciento solamente sobre los $7,828.11 en exceso de esa suma en lugar de insistir en el 1 por ciento sobre la suma total de $17,828.11; pues si el administrador

tiene derecho al 2½ por ciento sobre los $10,000, entonces por igual razón tiene derecho al 5 por ciento sobre los primeros $1,000, y es difícil justificar la concesión del 2½ por ciento sin demostrar al propio tiempo su derecho al 5 por ciento.

La orden apelada debe ser confirmada, pero modificándose en el sentido de que se ordena que sea enmendada la cuenta sometida de manera que se le abone al administrador el cinco (5) por ciento sobre los primeros mil ($1,000) dólares ingresados por él, el dos y medio (2½) por ciento sobre los siguientes nueve mil ($9,000) y el uno (1) por ciento sobre el resto de siete mil ochocientos setenta y ocho dólares once centavos ($7,878.11).

> *Confirmada la orden apelada, pero modificándola de acuerdo con la opinión.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.